Gary F. Wang
Law Offices of Gary F. Wang
448 South Pasadena Avenue
Pasadena, California 91105-1838
garywang@gfwanglaw.com
(626) 585-8001

Edward H. Rice (*pro hac vice* forthcoming)
Marina N. Saito(*pro hac vice* forthcoming)
Law Office of Edward H. Rice, LLC
555 Skokie Blvd., Suite 500
Northbrook, Illinois 60062
ed@edwardricelaw.com
marina@edwardricelaw.com
(312) 953-4566

Counsel for Plaintiffs,
Bob and Brad, LLC and
Sichuan Qianli-Beoka Medical Technology Inc.,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| Bob and Brad, LLC and Sichuan Qianli-Beoka Medical Technology Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> Hyper Ice, Inc. and Hyperice IP Subco, LLC, <br><br> Defendants. | Case No.: <br><br><br> **DECLARATORY JUDGMENT COMPLAINT** |

Plaintiffs Bob and Brad, LLC ("B&B") and Sichuan Qianli-Beoka Medical Technology Inc. ("Beoka") for their Complaint against Defendants Hyper Ice, Inc. and Hyperice IP Subco, LLC (collectively, "HYPERICE") allege:

**NATURE OF THE ACTION**

1. This is a civil action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and the Patent Laws of the United States, 35 U.S.C. § 1 et seq. for declaratory judgment of non-infringement and invalidity of U.S. Patent No. 11,938,082 ("the '082 Patent"—attached as Exhibit 1).

2. This case also is a civil action for unfair competition under Cal. Bus. & Prof. Code § 17200.

3. Plaintiffs bring this action in view of the actual controversy that HYPERICE has created under the '082 Patent by asserting a patent infringement claim against B&B's products with Amazon, which caused Amazon to remove B&B's listing for those products on Amazon.com.

4. HYPERICE's action have caused B&B to lose sales on Amazon, its primary sales platform, and has harmed B&B's reputation and goodwill.

**PARTIES**

5. B&B is a limited liability company organized under Minnesota law with its principal place of business at 66 Shady Oak Ct., Winona, MN 55987.

6. Beoka is a Chinese company, with a principal place of business at Longtan Industrial Park 2nd Sec., East 3rd Ring Road, Chenghua District, Chengdu, China.

7. Beoka manufactures certain massage guns, which it sells to various retailers including B&B.

8. Upon information and belief, Hyper Ice, Inc. is a corporation organized under California law with its principal place of business at 525 Technology Drive, Suite 100, Irvine, CA 92618.

9. Upon information and belief, Hyperice IP Subco, LLC is a limited liability company organized under Delaware law.

10. Upon information and belief, Hyperice IP Subco, LLC is a wholly-owned subsidiary of Hyper Ice, Inc.

## JURISDICTION AND VENUE

11. The Court has subject matter jurisdiction over the patent claims in this action under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent laws of the United States, Title 35 U.S.C. § 1 et seq.

12. The Court has supplemental subject matter jurisdiction over the state law claim for unfair competition under 28 U.S.C. § 1367 because that claim arises under the same common nucleus of facts as the declaratory judgment patent claims.

13. The Court has personal jurisdiction over Hyper Ice, Inc. because, upon information and belief, Hyper Ice, Inc. resides in California and in this judicial district.

14. The Court has personal jurisdiction over Hyperice IP Subco, LLC because, upon information and belief, Hyperice IP Subco, LLC is wholly owned by Hyper Ice, Inc. and functions purely as a holding company for patents acquired by Hyper Ice, Inc.

15. Upon information and belief, Hyper Ice, Inc. and Hyperice IP Subco, LLC have filed multiple patent enforcement lawsuits in various jurisdictions as joint co-plaintiffs.

16. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Hyper Ice, Inc. and Hyperice IP Subco, LLC both reside in this district as residency is defined in 28 U.S.C. § 1391(c)(2).

**BACKGROUND**

17. Bob Schrupp and Brad Heineck of Bob and Brad, LLC are physical therapists who have been creating physical therapy videos that have formed the foundation for their social media business and brand.

18. Over the past decade, Bob and Brad have created a library of nearly 2000 videos on a wide range of physical therapy topics. These videos formed the content for their You Tube Channel and helped them create a social media presence that currently includes more than 5 million followers.

19. Bob and Brad's social media presence and nation-wide reputation has enabled them to sell quality exercise and therapy products under the Bob and Brad brand.

20. Among these products are massage guns, which B&B sells on the Bob and Brad storefront on Amazon.com.

21. Upon information and belief, Hyperice IP Subco, LLC owns a family of patents that includes four issued patents and three pending applications, including the '082 Patent.

22. The '082 Patent is a utility patent for "Massage Device having Variable Stroke Length."

23. The application for the '082 Patent was filed on November 20, 2023. The '082 Patent issued on March 26, 2024.

24. Claims 1 and 18 are the only independent claims of the '082 Patent.

25. Claim 1 requires:

> a drive mechanism that controls a predetermined stroke length of the piston

'082 Patent at column 10, lines 4-5.

26. Claim 18 requires:

> providing a drive mechanism configured to control a predetermined stroke length of the piston

'082 Patent at column 11, lines 10-11.

27. Accordingly, all claims in the '082 Patent require a drive mechanism that controls a predetermined stroke length of the piston.

28. Claim 1 also requires:

> a quick-connect system comprising the distal end of the piston and a first massaging head, wherein the quick-connect system is configured to have a proximal end of the first massaging head inserted into or removed from the bore while the piston reciprocates the predetermined stroke length at the first speed.

'082 Patent at column 10, lines 6-11.

29. Claim 18 also requires:

> providing a quick-connect system comprising the distal end of the piston and a first massaging head, wherein a proximal end of the first massaging head is configured to be inserted into or removed from the bore while the piston reciprocates the predetermined stroke length at the first speed.

'082 Patent at column 11, lines 12-17.

30. Accordingly, all claims in the '082 Patent require a quick-connect system at a distal end of the piston and a first massaging head.

31. The '082 Patent is a continuation of application No. 18/466,702, which is a continuation of U.S. Patent No. 11,857,482 ("the '482 Patent").

32. The application for the '482 Patent was filed on February 25, 2022. The '482 Patent issued on January 2, 2024.

33. On January 3, 2024, the day after the '482 Patent issued, HYPERICE filed a complaint in the District of Minnesota asserting the '482 Patent against B&B.

34. The litigation HYPERICE initiated against B&B was transferred to this district, and is styled *Hyper Ice, Inc. and Hyperice IP Subco, LLC v. Bob and Brad, LLC,* Case No. 2:24-cv-03212-JWH-DFM.

35. Upon information and belief, on or around January 5, 2024, within days after the '482 Patent issued, HYPERICE submitted an infringement report with Amazon.com under the '482 Patent against certain B&B massager products.

36. Amazon has its own procedures through which patent owners may enforce their patent rights in the Amazon marketplace.

37. Under these procedures, a patent owner may file a patent infringement report with Amazon.

38. Amazon may then invite the patent owner and the accused Amazon seller to engage in a dispute resolution procedure involving an outside "neutral evaluator."

39. Upon information and belief, HYPERICE submitted the infringement report with Amazon to try and initiate the dispute resolution procedure against B&B.

40. Upon information and belief, Amazon did not initiate the dispute resolution procedure against B&B because HYPERICE had already asserted the '482 Patent against B&B in district court.

41. Upon information and belief, HYPERICE has learned that it cannot initiate an Amazon dispute resolution procedure with a patent that is the subject of an on-going litigation.

42. Upon information and belief, sometime in March or April 2024, shortly after the '082 Patent issued, HYPERICE initiated an Amazon dispute resolution procedure under the '082 Patent against certain third-party (not B&B) massager products on Amazon.com.

43. Upon information and belief, HYPERICE obtained a decision in the dispute resolution procedure that it was likely to prove infringement under the '082 Patent against the third-party massager products.

44. Upon information and belief, as a result of the decision from the dispute resolution procedure, the third-party massager products were delisted from Amazon.

45. Upon information and belief, because HYPERICE successfully delisted the third-party massager products, if HYPERICE submits an infringement report under the '082 Patent against any other massager products that are similar in relevant respects to the third-party delisted massager products, Amazon delists the product without first giving the accused seller an opportunity to present a non-infringement defense.

46. Upon information and belief, on or about June 19, 2024, HYPERICE submitted an infringement report under the '082 Patent against various B&B massager products ("Accused Massage Guns").

47. The Accused Massage Guns do not infringe the '082 Patent because they do not include a drive mechanism that controls a predetermined stroke length of the piston, as required by all of the '082 claims.

48. The Accused Massage Guns also do not infringe the '082 Patent because they do not include a quick-connect system at a distal end of the piston and a first massaging head, as required by all of the '082 claims.

49. HYPERICE submitted an Amazon infringement report under the '082 and Patent even though the accused B&B massager products do not infringe any claim of that patent.

50. Prompted by HYPERICE's infringement claims, Amazon removed the listings for the Accused Massage Guns before giving B&B a chance to present any arguments in its own defense.

51. Amazon's delisting has the effect of enjoining B&B's sales of the Accused Massage Guns.

52. Under the expedited Amazon de-listing process, B&B has not had a chance to present its defenses to a neutral arbiter in a judicial or quasi-judicial proceeding.

53. Moreover, Amazon's IP enforcement procedures do not allow B&B in any event to assert the full range of patent infringement defenses that are available under federal law. For example, Amazon will not consider evidence that the '082 Patent is invalid.

54. Further, Amazon typically will not enforce through its internal IP enforcement procedures patents that are the subject of district court litigation.

55. To sidestep that rule, Hyperice has exploited the Amazon delisting procedure against B&B (and many other massage gun sellers) using the '082 Patent while pursuing district court patent litigation against B&B (and many other massage gun competitors) under the '482 patent, which is closely related to the '082 Patent (both derive from the same "parent" patent application) and which contains the same key claim limitations.

56. Because B&B sells the Accused Massage Guns primarily through its Amazon storefront, HYPERICE's manipulation of the Amazon delisting procedure has wreaked havoc on B&B's sales for these products, causing extensive economic harm as well as reputational harm to B&B.

57. HYPERICE's baseless infringement claims are damaging the hard-won reputation and good will that Bob and Brad built over more than a decade.

## COUNT I
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT - '082 PATENT)

58. The allegations of each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

59. An actual, justiciable, and continuing controversy exists between the Plaintiffs and the Defendants concerning whether the Accused Massage Guns infringe the '082 Patent.

60. The Accused Massage Guns do not infringe any claim of the '082 Patent.

61. Plaintiffs seek a declaration that the Accused Massage Guns do not infringe any '082 Patent claims.

## COUNT II
## (INVALIDITY - '082 PATENT)

62. The allegations of each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

63. An actual, justiciable, and continuing controversy exists between the Plaintiffs and the Defendants concerning whether the claims of the '082 Patent are valid.

64. All claims of the '082 Patent are invalid under 35 U.S.C. § 102 and/or § 103 in view of at least one or more of the following references, alone or in combination:

> U.S. Patent No. 6,682,496
> U.S. Patent No. 5,134,777
> U.S. Patent Publication No. 2008/0243039
> U.S. Patent Publication No. 2015/0374576
> U.S. Patent No. 8,083,699
> U.S. Patent No. 6,432,072
> U.S. Patent No. 1,339,179

65. Plaintiffs seek a declaration that the '082 Patent claims are invalid.

## COUNT III

## UNFAIR COMPETITION

## CAL. BUS. & PROF. CODE §17200

66. The allegations of each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

67. California statutory law prohibits acts of "unfair competition" including any "unlawful, unfair and fraudulent business act or practice." Cal. Bus. & Prof. Code §17200.

68. Hyper Ice., Inc., acting in concert with its wholly-owned subsidiary, Hyperice IP Subco, LLC, has acted unlawfully and unfairly by manipulating Amazon's IP enforcement procedures to procure, in effect, a wrongful injunction that prevents its competitor, B&B, from selling competing massage gun products on Amazon.com.

69. Hyper Ice., Inc., acting in concert with its wholly-owned subsidiary, Hyperice IP Subco, LLC, has exploited Amazon's IP enforcement procedures by asserting the '082 to shut down B&B's sales of the Accused Massage Gun products

when it knows or reasonably should know that these products do not infringe any valid claim of the '082 Patent.

70. In effect, Hyper Ice, Inc., acting in concert with its wholly-owned subsidiary, Hyperice IP Subco, LLC, manipulated Amazon's IP enforcement procedures to wrongfully interfere with B&B's lawful sales on Amazon.com, which is the primary market through which B&B sells the Accused Massage Gun products.

71. Upon information and belief, HYPERICE is aware that Amazon typically will not allow patent owners to engage in Amazon's IP enforcement procedures to enforce a patent that is the subject of a federal district court patent litigation.

72. To circumvent this rule, HYPERICE obtained two patent from the U.S. Patent Office that are identical in all relevant respects, and launched a district court lawsuit with one (the '482 Patent) while asserting the second (the '082 Patent) in an expedited Amazon enforcement action in which it knew that Amazon would delist the Accused Massage Gun products—effectively imposing a preliminary injunction against B&B's Amazon sales—without first offering B&B an opportunity to assert asserted any defenses and without allowing B&B to show that the '082 Patent is invalid.

73. HYPERICE has not sought a preliminary injunction in their district court action, which asserts claims under the nearly identical '482 Patent.

74. Had HYPERICE sought a preliminary injunction in their district court action, B&B would have been entitled to brief the infringement and validity issues and to present its defenses at an evidentiary hearing. HYPERICE also would have been required to post a bond to secure the damage claim to which B&B would be

entitled if B&B later established that the preliminary injunction was wrongfully entered.

75. Knowing that they could not prove their case in a preliminary injunction hearing in district court, HYPERICE instead deprived B&B of its procedural protections and knowingly disrupted B&B's Amazon sales.

76. B&B has suffered substantial economic losses as well as reputational harms resulting from HYPERICE's actions.

77. HYPERICE's actions constitute unfair competition under Cal. Bus. & Prof. Code § 17200.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs B&B and Beoka ask this Court to:

a. Find that none of B&B's Accused Massage Gun products infringe the '082 Patent;

b. Find that the '082 Patent claims are invalid;

c. Award Plaintiffs a permanent injunction enjoining HYPERICE from asserting the '082 Patent against B&B's Accused Massage Gun;

d. Enter an injunction ordering HYPERICE to withdraw from Amazon.com its '082 Patent infringement claims against the Accused Massage Guns;

e. Find that this case is an "exceptional case" under 35 U.S.C. § 285 and that B&B is entitled to its attorney fees;

f. Award B&B actual damages caused by HYPERICE's tortious actions under the California unfair competition statute;

g. Award B&B other and further relief as may be proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiffs B&B and Beoka request a trial by jury under Rule 38 of the Federal Rules of Civil Procedure of all issues that may be determined by a jury.

Dated: June 25, 2024 /s/Gary F. Wang

By: Gary F. Wang